BRETT A. SHUMATE, Assistant Attorney General
JORDAN C. CAMPBELL, Deputy Assistant Attorney General
SARMAD KHOJASTEH, Senior Counsel, Civil Division

LISA K. HSIAO, Acting Director
ZACHARY A. DIETERT, Assistant Director

DAVID G. CROCKETT, JR., Trial Attorney (NYRN 5676192)
DANIEL K. CRANE-HIRSCH, Senior Trial Attorney (MABN 643302)
U.S. Department of Justice
Civil Division
Consumer Protection Branch
450 5th Street NW, Suite 6400-S
Washington, D.C. 20530
Telephone: (202) 305-0192
E-mail: David.G.Crockett@usdoj.gov

CRAIG H. MISSAKIAN, United States Attorney (CABN 125202)
PAMELA T. JOHANN, Chief, Civil Division (CABN 145558)

SAPNA MEHTA, Assistant United States Attorney (CABN 288238)
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
Fax: (415) 436-6748
E-mail: sapna.mehta@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>APITOR TECHNOLOGY CO., LTD.,<br>a corporation,<br><br>    Defendant. | Case No. 25-cv-7363<br><br>**COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the United States of America, acting upon notification and referral from the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges:

1. Plaintiff brings this action for Defendant's violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Children's Online Privacy Protection Rule ("COPPA Rule"), 16 C.F.R. part 312. For these violations, Plaintiff seeks relief, including a permanent injunction, civil penalties, and other relief pursuant to Sections 5(m)(1)(A) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(m)(1)(A), 53(b), and Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6502(c), 6505(d), and the Children's Online Privacy Protection Rule ("COPPA Rule"), 16 C.F.R. part 312.

## SUMMARY OF THE CASE

2. Apitor Technology Co., Ltd. ("Apitor," or "Defendant") develops, markets and distributes programmable robot toys designed for children ages 6 to 14. Defendant sells the robot toys through online retailers such as Amazon, and users must download and operate Defendant's app to program its toys to make them move. Through its app for Android mobile devices, Defendant collected, or caused to be collected on its behalf, geolocation data of children under the age of 13. Even though Defendant's toys and app are directed to children, Defendant has failed to comply with the COPPA Rule's parental notice and consent requirements.

3. Ultimately, Defendant's surreptitious collection of underage users' geolocation information causes injury by compromising sensitive personal information of children. Defendant's failure to provide notice and obtain parental consent to its practices subjects underage consumers to ongoing harm and deprives parents of the ability to make an informed decision about the collection of their children's location information.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this matter arises under the laws of the United States. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337(a) because this action arises under an Act of Congress regulating interstate commerce or protecting trade and commerce against restraints and monopolies, and under 28 U.S.C. § 1345 because the United States is a Plaintiff. This Court also has subject

matter jurisdiction pursuant to 28 U.S.C. § 1355 because this action is for the recovery or enforcement of a penalty incurred under an Act of Congress.

**VENUE**

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(3), (c)(3), and (d), 1395(a), and 15 U.S.C. § 53(b).

**DIVISIONAL ASSIGNMENT**

6. Pursuant to Rule 3-2(c) of the Civil Local Rules of the Northern District of California, the San Jose Division serves the county in which this action arises. Defendant violated individuals' privacy through use of its app for Android devices, which individuals download from Google LLC's Play Store. Google LLC is headquartered in Santa Clara County, California. Thus, a substantial part of the events giving rise to the claims occurred in the County of Santa Clara.

**THE CHILDREN'S ONLINE PRIVACY PROTECTION RULE**

7. Congress enacted COPPA in 1998 to protect the safety and privacy of children online by prohibiting the unauthorized or unnecessary collection of children's personal information online by operators of internet websites or online services. COPPA directed the Commission to promulgate a rule implementing COPPA. The Commission promulgated the COPPA Rule on November 3, 1999, under Section 1303(b) of COPPA, 15 U.S.C. § 6502(b), and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 553. The Rule went into effect on April 21, 2000. The Commission promulgated revisions to the Rule that went into effect on July 1, 2013, and subsequently promulgated revisions to the Rule that went into effect on June 23, 2025. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

8. The COPPA Rule applies to any operator of a commercial website or online service directed to children that collects, uses, and/or discloses personal information from children, and to any operator of a commercial website or online service that has actual knowledge that it collects, uses, and/or discloses personal information from children. The term

1  "personal information" means "individually identifiable information about an individual
2  collected online," and includes, among other things, geolocation information sufficient to
3  identify street name and name of a city or town.
4      9.    The COPPA Rule requires operators to meet specific requirements prior to
5  collecting, using, or disclosing personal information from children, including but not limited to:
6      a.    Providing clear, understandable, and complete notice of its information
7          practices, including specific disclosures directly to parents; and
8      b.    Obtaining verifiable parental consent prior to collecting, using, and/or
9          disclosing personal information from children.
10     10.   For purposes of this Complaint, the terms "child," "collects" or "collection,"
11 "Commission," "delete," "disclose" or "disclosure," "internet," "obtaining verifiable consent,"
12 "operator," "parent," "person," "personal information," "third party," and "web site or online
13 service directed to children," are defined as those terms are defined in Section 312.2 of the
14 COPPA Rule, 16 C.F.R. § 312.2.

### PLAINTIFF

16     11.   Plaintiff brings this action upon notification and referral from the FTC, pursuant
17 to Section 16(a)(1) of the FTC Act, 15 U.S.C. § 56(a)(1).  The FTC is an agency of the United
18 States Government created by the FTC Act.  15 U.S.C. §§ 41–58.  The FTC enforces Section
19 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or
20 affecting commerce.  The FTC also enforces the COPPA Rule, 16 C.F.R. part 312, which,
21 among other things, requires operators of an online service directed to children or with actual
22 knowledge of the collection of personal information from a child to obtain verifiable parental
23 consent prior to any collection, use, or disclosure of personal information from children.

### DEFENDANT

25     12.   Defendant Apitor Technology Co., Ltd. is a Chinese corporation with its principal
26 place of business at Room 1503, Unit 1, Block 2 Area 6, Taoyuanju, Xixiang, Baoan, Shenzhen,
27 518000, China.  Defendant transacts or has transacted business in this District and throughout the
28 United States.  At all times relevant to this Complaint, acting alone or in concert with others,

1  Defendant has advertised, marketed, distributed, or sold programmable robot toys and a
2  companion mobile app to consumers throughout the United States.

## COMMERCE

4    13.    At all times relevant to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS ACTIVITIES

14.    Since at least 2022, Defendant has sold "app-enabled" robot toys that are directed to children ages 6 to 14 years old.  Defendant has promoted the programmable robots as educational toys to teach children coding skills.  U.S. consumers have purchased the robot toys from the retailer website Amazon. *See, e.g.*, Fig. A below.

//



*Figure A: Excerpt from Amazon search results for Apitor (Apr. 2024)*

15. Defendant offers a free companion mobile app called Apitor Kit ("the Apitor App") that is directed to children. It allows children to program and control Defendant's robot toys, and downloading it is necessary to remotely control the toys. On the Amazon webpages for its toys, Defendant encourages consumers to download the Apitor App on iOS and Android mobile devices. Defendant has represented that, with the Apitor App, "children can control the robot to move left, right, forward, and backward in all directions." In addition, "[w]ith the drag and drop coding interface, kids easily learn how to program their robot to follow lines, avoid obstacles, detect distance, control LED lights, and more, on [the] Apitor Robot app following the step by step instruction[s]." *See, e.g.*, Fig. B below.

> - ⚙GRAPHICAL PROGRAMMING FOR EASY LEARNING: With the drag and drop coding interface, kids easily learn how to program their robot to follow lines, avoid obstacles, detect distance, control LED lights, and more, on Apitor Robot app following the step by step instruction. Moreover, kids develop their logical thinking, the creativity of problem solving, and learn the knowledge of science, technology, engineering and mathematics.
> - 🎮APP REMOTE CONTROL: With the free Apitor Kit app and 3 powerful motors, children can control the robot to move left, right, forward, and backward in all directions. Children can even play racing games with friends. This programming experience not only cultivates children's logical thinking and creative mindset, but also allows them to experience the sense of achievement when their own designs come to life.(An iOS or Android phone/tablet is required, not included)

*Figure B: Excerpt from Amazon page for Apitor toy "Robot X" (Apr. 2024)*

16. Through its Apitor App, Defendant has collected, or has caused to be collected on its behalf, the precise geolocation data for thousands of children, in violation of the COPPA Rule.

17. When users with Android mobile devices attempt to connect to their robot toy from the Apitor App, the app informs them that they must first enable location permissions on their device: "Enable location information permission for users to connect to the robot using Bluetooth to control the robot, or not to connect to the robot if permission is denied." Below the message are two buttons labeled "Not Now" and "Settings." Tapping the "Settings" button causes the device's operating system to ask the user whether to grant the Apitor App access to the user's location data. If users do not enable location permissions for the app, they are not able to connect to the robot toy that they bought.

18. Defendant integrated into the Apitor App a software development kit ("SDK") called JPush. SDKs are software development tools offered by third parties that app developers can use with their apps to provide certain types of functionality, such as sending push notifications to users or tracking usage analytics. JPush is offered by Jiguang (also known as Aurora Mobile Ltd.), a Chinese mobile developer and analytics provider. Jiguang's privacy policy, which is posted on its website, states that its SDKs collect and use location information if

1  app users enable location permissions.  The privacy policy gives Jiguang broad latitude to use the
2  data as it sees fit, including for advertising and for sharing the data with additional third parties.
3        19.    After Android users have enabled location permissions for the Apitor App, the
4  app begins collecting their precise geolocation data in the background and transmitting it to
5  JPush internet servers.  At no point does Defendant disclose to users that the app allows a third
6  party to collect precise geolocation data, nor does it seek verifiable consent from parents to
7  collect precise geolocation data from their children.
8        20.    Consumers who download and open the Apitor App for Android are offered the
9  option to either register for an account with Defendant or use the app as a guest.  In neither case
10 are users prompted to provide verifiable parental consent to the collection of a child user's
11 geolocation information.
12       21.    The user registration form in the Apitor App provides a link to Defendant's
13 privacy policy ("Privacy Policy").  The Privacy Policy also appears on Defendant's website.  The
14 Privacy Policy contains a section entitled "Children's Privacy" declaring, "We care about
15 children's privacy.  We are committed to complying with the Children's Online Privacy
16 Protection Act (COPPA)."  Defendant says: "[W]e may collect and process certain information
17 from Children Users.  This includes: Product Use Information [and] Browsing Information."
18 Defendant indicates it collects and stores certain app usage data from Children Users, including
19 "app profile name[,] user-created programs[,] user-created program names[,] solutions (programs
20 created in response to a Challenge or Puzzle)[, and] time spent in the App."  Defendant states
21 that, while some "Personal Information" is collected or stored locally on the Apitor App or on
22 the robot device, "there is no uploading of such information to the web or Apitor servers."
23 Defendant claims that it will notify a parent and obtain verifiable consent before "activating an
24 account," or "enabling certain data collecting features for their child," namely, product use
25 information and browsing information.  The Privacy Policy does not disclose that the Apitor App
26 for Android allows a third party to collect children's geolocation information.
27       22.    The Apitor App has been downloaded thousands of times from the Google Play
28 store for Android devices.  Defendant's app has likely transmitted the precise geolocation

information for thousands of children to an undisclosed third party without verifiable parental consent.

23. Defendant possesses actual knowledge or knowledge fairly implied on the basis of objective circumstances that its violations of the COPPA Rule are unfair or deceptive and are prohibited by the Rule as evidenced by, among other things, Defendant's description of its purported compliance with COPPA in its Privacy Policy. *See* Paragraph 21 above.

24. Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendant is violating laws enforced by the Commission.

## VIOLATIONS OF THE COPPA RULE

### Count I

### Failure to Provide Notice and Obtain Verifiable Parental Consent

25. The allegations in paragraphs 1 through 24 are incorporated as if set forth herein.

26. Defendant is an "operator" as defined by the COPPA Rule, 16 C.F.R. § 312.2.

27. In numerous instances, in connection with operating its Apitor App for Android, Defendant has collected, or has caused to be collected on its behalf, geolocation information from children younger than age 13 in violation of the COPPA Rule, including by:

    a. Failing to provide direct notice to parents of Defendant's practices with regard to the collection of personal information from children, in violation of Sections 312.4(b)–(c) of the COPPA Rule, 16 C.F.R. §§ 312.4(b)–(c);

    b. Failing to provide sufficient notice on its website or online services of the information it collects, or causes to be collected on its behalf, online from children, in violation of Section 312.4(d) of the COPPA Rule, 16 C.F.R. § 312.4(d); and

    c. Failing to obtain verifiable parental consent before any collection of personal information from children, in violation of Section 312.5(a) of the COPPA Rule, 16 C.F.R. § 312.5(a).

28. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the COPPA Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a) of the FTC Act, 15

U.S.C. § 45(a).

## CONSUMER INJURY

29. Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act and the COPPA Rule. Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## CIVIL PENALTIES

30. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), authorizes this Court to award civil penalties for each violation of the COPPA Rule.

31. Defendant violated the COPPA Rule as described above with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

32. Each collection, use, or disclosure of a child's personal information in which Defendant violated the COPPA Rule in one or more of the ways described above constitutes a separate violation for which Plaintiff may seek civil penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court:

A. Enter a permanent injunction to prevent future violations of the FTC Act and the COPPA Rule;

B. Impose civil penalties for each violation of the COPPA Rule; and

C. Award any additional relief as the Court determines to be just and proper.

Dated: September 2, 2025                                   Respectfully submitted,

Of Counsel, for the Federal Trade Commission:

KERRY O'BRIEN (CABN 149264)
Regional Director
Western Region San Francisco

EMILY COPE BURTON (CABN 221127)
Assistant Regional Director
Western Region San Francisco

**FOR THE UNITED STATES OF AMERICA:**

BRETT A. SHUMATE
Assistant Attorney General
JORDAN C. CAMPBELL
Deputy Assistant Attorney General
SARMAD KHOJASTEH
Senior Counsel
Civil Division

COMPLAINT FOR PERM. INJUNCTION, CIV. PENALTY JUDGMENT & OTHER RELIEF
Case No. 25-cv-7363

-10-

| | |
|---|---|
| SHINING J. HSU (CABN 317917)<br>EVAN ROSE (CABN 253478)<br>Attorneys<br>Federal Trade Commission<br>Western Region San Francisco<br>90 Seventh St., Suite 14-300<br>San Francisco, CA 94103<br>Phone: (415) 848-5100<br>Email: shsu1@ftc.gov, erose@ftc.gov | LISA K. HSIAO<br>Acting Director<br>ZACHARY A. DIETERT<br>Assistant Director<br><br>*/s/ David Crockett*<br>DAVID G. CROCKETT, JR., Trial Attorney<br>DANIEL K. CRANE-HIRSCH, Senior Trial Attorney<br>Consumer Protection Branch<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, DC 20044<br>Phone: (202) 305-0192<br>E-mail: David.G.Crockett@usdoj.gov<br><br>CRAIG H. MISSAKIAN<br>United States Attorney<br>Northern District of California<br><br>PAMELA T. JOHANN<br>Chief, Civil Division<br>Northern District of California<br><br><br>*/s/ Sapna Mehta*<br>SAPNA MEHTA<br>Assistant United States Attorney<br>United States Attorney's Office<br>Northern District of California<br>450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-7478<br>Fax: (415) 436-6748<br>E-mail: sapna.mehta@usdoj.gov |